UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-433-FDW

| | |
|---|---|
| SHAHID HASSAN MUSLIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERWIN CARMICHAEL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motions to Extend Discovery Deadline, (Doc. Nos. 24, 32), and Motion to Overrule Defendants' Objections to Request to Produce and to Compel Discovery and Sanctions, (Doc. No. 25).

**I.     BACKGROUND**

The Complaint passed initial review on claims that Defendants deprived him of a religious diet and group prayer services, which substantially burdened his religious practice without the justification of any legitimate penological purpose in violation of the First Amendment and Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), and that they violated the Equal Protection Clause by treating him differently from similarly situated inmates of other religions. See (Doc. No. 7). Defendants filed Answers and the Court filed a Pretrial Order and Case Management Plan setting a discovery cutoff date of June 6, 2018. (Doc. No. 13).

In a Motion to Extend Discovery Deadline docketed on March 27, 2018, Plaintiff sought a 90-day extension of the discovery deadline, (Doc. No. 15), to which Defendants did not object, (Doc. No. 16). The Court granted the Motion. (Doc. No. 17). In his second Motion to Extend

1

Discovery Deadline docketed on July 3, 2018, Plaintiff sought a six-month extension of time. (Doc. No. 18). Defendants did not object to an extension but argued that six months was excessive. (Doc. No. 19). The Court granted a 45-day extension of time. (Doc. No. 20). In his third Motion to Extend Discovery Deadline docketed on October 16, 2018, Plaintiff again sought a six-month extension of time and argued that discovery had been withheld by the prison for review. (Doc. No. 21). Defendants objected, noting that almost four-and-a-half months of extensions had already been granted and that Plaintiff failed to articulate good cause for another extension. (Doc. No. 22). The Court granted a final 30-day extension of time and cautioned the parties that "[n]o further extensions of time will be granted except on a showing of extraordinary circumstances." (Doc. No. 23 at 2).

Presently before the Court for consideration is Plaintiff's fourth Motion to Extend Discovery Deadline, docketed on December 3, 2018, (Doc. Nos. 24,), asking the Court to either grant another extension of the discovery deadline or stay the proceedings pending consideration of his Motion to Overrule Defendants' Objections to Request to Produce and to Compel Discovery and Sanctions, ("Motion to Compel"), (Doc. No. 25). Defendants filed a Response objecting to the extension, arguing that the discovery deadline had already been repeatedly extended, that Defendants produced hundreds of pages of documents, and that only three requests for production remained at issue. Moreover, Defendants note that they would not be challenging the timeliness of Plaintiff's Motion to Compel and therefore that no extraordinary circumstances warranted another extension of time. (Doc. No. 27).

In his Motion to Compel dated November 20, 2018, Plaintiff argues that Defendants violated the discovery rules and that the Court should compel production of documents and impose sanctions. (Doc. No. 25). Plaintiff contends that he requested production of documents for

2

inspection and copying served on March 20 and May 30, 2018 and that Defendants objected to requests 1, 2, 3, 6, 7, 8, 11, 12, 13, 14 without any reasonable justification. The Defendants filed a Response, (Doc. No. 29), stating that the parties had resolved their differences with regards to requests 1, 2, 3, 6 and 11 during a teleconference and that Defendants had provided supplemental discovery. Defendants attached to their Response a Certificate of Service on Second Supplemental Responses to Plaintiff's Request for Production of Documents addressed to Plaintiff with his Bureau of Prisons register number and address in Coleman, Florida. (Doc. No. 29-3).

Defendants argue that requests 7 and 13 are not relevant to Plaintiff's claims, that Defendants have already produced documents relevant to requests 8, 12, and 14, and that Defendants have no additional documents that are responsive to these requests. In Plaintiff's "Addendum," (Doc. No. 30), he acknowledges that Defendants agreed to furnish documents in response to requests 1, 2, 3, and 11. In his Reply, (Doc. No. 37), Plaintiff alleges that Defendants failed to provide the documents they agreed to produce in the teleconference, again asks the Court to grant the Motion to Compel and to grant a 30-day extension of time, and that sanctions should be imposed because Defendants failed to act in good faith.[1] Plaintiff filed a Notice of Interlocutory Appeal that was transmitted to the Fourth Circuit Court of Appeals, (Doc. No. 40), and the appeal was dismissed for lack of prosecution and the mandate issued on April 4, 2019.[2] (Doc. Nos. 41, 43, 48).

Meanwhile, on December 27, 2018, Plaintiff filed his fifth Motion to Extend Discovery

---

[1] Plaintiff further alleges in his Reply that he never received a copy of Defendants' Motion for Summary Judgment. On December 20, 2018, Plaintiffs filed an Amended Certificate of Service noting that the Motion for Summary Judgment had been returned for insufficient address and certifying that it was re-mailed to Plaintiff. (Doc. No. 31).

[2] It appears that Plaintiff intended the Notice of Interlocutory Appeal to be transmitted to the Fourth Circuit only if his Motion to Compel was denied. See (Doc. No. 38 at 2-3). He has indicated that he may choose to file another Notice of Interlocutory Appeal should his Motion to Compel be denied. See (Doc. No. 46).

Deadline, (Doc. No. 32), which is identical to the Motion docketed on December 3, 2018. See (Doc. No. 24). Defendants filed a Response objecting to another extension of the discovery deadline because it is not justified by extraordinary circumstances. (Doc. No. 35).

## II. DISCUSSION

### 1) **Motion to Compel**

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways: (1) the matter sought must be "relevant to any party's claim or defense," and (2) discovery must also be "proportional to the needs of the case." Va. Dep't of Corr. v. Jordan, __ F.3d __, 2019 WL 1562312 at*4 (4th Cir. April 11, 2019) (quoting Fed. R. Civ. P. 26(b)(1)). Relevance on its own is not a high bar; the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." Id. Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. Id.

First, the Court denies the Motion to Compel with regards to requests 1, 2, 3, 6 and 11 because Defendants provided supplemental discovery in accordance with the parties' teleconference. Proper service in civil actions is governed by Federal Rule of Civil Procedure 5, which provides that "[a] paper is served … by … mailing it to the person's last known address – in which event service is complete upon mailing…." Fed. R. Civ. P. 5(b)(2)(C); see Fed. R. Civ. P. 5(d)(1) (papers that are required to be served must also be filed with the court). "Because service is complete upon mailing, non-receipt of the [document] does not affect the validity of service." United States v. Wright, 238 F.3d 418 (4th Cir. 2000). The burden of showing that service was made is on the serving party. See Id.; Rivera v. M/T Fossarina, 840 F.2d 152, 155 (1st Cir. 1988).

A presumption that a document was actually mailed attaches to a valid certificate of service. Wright, 238 F.3d 418; see Fed. R. Civ. P. 5(d), Advisory Committee Notes, 1991 amendment (stating that certificates of service are required to be on file because they "may be useful for many purposes, including proof of service if an issue arises concerning the effectiveness of the service");[3] In re Eagle Bus. Mfg., Inc., 62 F.3d 730, 735–36 (5th Cir. 1995) ("To determine if a mailing was accomplished the courts may consider whether the notice was correctly addressed, whether proper postage was affixed, whether it was properly mailed, and whether a proper certificate of service was filed."); 4B Charles Alan Wright, *et al.*, Fed'l Prac. & Proc. Civ. § 1150 (4th Ed. 2018) (approving of allowing the certificate of service to constitute sufficient proof of service because that approach "avoid[s] delayed challenges to service and frivolous appeals…."). Defendants represent that they provided Plaintiff with supplemental discovery that resolves requests 1, 2, 3, 6 and 11. Defendants have filed a copy of the Second Supplemental Responses to Plaintiff's Request for Production of Documents that includes a Certificate of Service verifying that the supplemental discovery response was mailed to Plaintiff at his BOP register number and address in Coleman, Florida. (Doc. No. 29-3 at 5). Plaintiff has produced no evidence other than his assertion of non-receipt of the Second Supplemental Responses to Plaintiff's Request for Production of Documents. As noted above, however, non-receipt does not affect the validity of service under Rule 5(b). Plaintiff is thus presumed to have received the supplemental discovery and his Motion to Compel with regards to requests 1, 2, 3, 6 and 11 will be denied.

---

[3] The 1991 version of Rule 5 provides:

Filing. All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter, but the court may on motion of a party or on its own initiative order that depositions upon oral examination and interrogatories, requests for documents, requests for admission, and answers and responses thereto not be filed unless on order of the court or for use in the proceeding.

Fed. R. Civ. P. 5(d) (1991).

Second, the Motion to Compel will be denied with regards to requests 7 and 13 because they are not relevant to Plaintiff's claims. Request 7 seeks "all phone conversations the plaintiff engaged in during his detention at Mecklenburg County Jail…." (Doc. No. 25-1 at 3). Request 13 seeks "archives of communications between GlobalTel link customer service and employees at the Mecklenburg County Jail during the period of plaintiff's detention…." (Doc. No. 25-1 at 4). Defendants objected to requests 7 and 13 because the lawsuit concerns alleged violations of Plaintiff's First Amendment rights and his phone conversations are not relevant to any claim or defense. (Doc. No. 25-2 at 3-4). To the extent that Plaintiff suggests that either of these requests are relevant to exhaustion, this argument is unavailing because Defendants produced all of Plaintiff's grievances and the Jail policy requires exhaustion through written grievances, not phone calls.[4]

Third, the Motion to Compel will be denied with regards to requests 8, 12, and 14 because Defendants have already provided the responsive discovery within their possession. Request 8 addresses the arrival and departure log for the Imam on staff at the Jail for the relevant times; request 12 seeks the names, addresses, and contact information for the Imams who worked for the Jail from 2000 to present; and request 14 seeks "all interoffice communications" between all chaplains employed by MCSO for the entire period of Plaintiff's detention. (Doc. No. 25-1 at 3-4). Defendants admit that these requests are relevant but represent that they have already produced responsive documents and have no additional documents that are responsive to these requests. The Court accepts the representations of Defendants' counsel, which it has no reason to doubt, and will deny Plaintiff's Motion to Compel additional discovery relating to these matters. See generally

---

[4] According to Defendants, Plaintiff asserted during the parties' teleconference that request 7 is relevant to exhaustion. See (Doc. No. 29 at 3).

Kinetic Concepts, Inc. v. ConvaTec, Inc., 268 F.R.D. 226, 252 (M.D.N.C. 2010) ("even an informed suspicion that additional non-privileged documents exist … cannot alone support an order compelling production of documents.").

**(2) Motions for Extension of Time**

The court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986). A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted). In deciding whether additional discovery is appropriate, courts have considered the following factors: whether trial is imminent; whether the request to reopen discovery is opposed; whether the non-moving party would be prejudiced; whether the moving party was diligent during the discovery period; the foreseeability of the request based on the time line set forth by the court; and the likelihood that the discovery will lead to relevant evidence. See Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987); Chester v. Adams Auto Wash, Inc., 2015 WL 9222893 at *2 (E.D.N.C. Dec. 17, 2015).

With regards to Plaintiff's Motions to Extend Discovery Deadline, (Doc. Nos. 24, 32), the Court granted several Motions filed by Plaintiff to extend the deadline and, in the Order granting the most recent Motion, the Court cautioned Plaintiff that no further extensions would be granted without a showing of extraordinary circumstances. See (Doc. No. 23). Plaintiff has failed to make a showing of extraordinary circumstances and no additional extension of time is required in the interests of justice. Therefore, Plaintiff's Motions to Extend Discovery Deadline will be denied.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel will be denied and his fourth and fifth Motions seeking to extend the discovery cutoff date will be denied.

**IT IS, THEREFORE, ORDERED** that

1. Plaintiff's Motions to Extend Discovery Deadline, (Doc. Nos, 24, 32), are **DENIED**.

2. Plaintiff's Motion to Overrule Defendants' Objections to Request to Produce and to Compel Discovery and Sanctions, (Doc. No. 25), is **DENIED**.

Signed: April 16, 2019

Frank D. Whitney
Chief United States District Judge